# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21650-CIV-MORENO/TORRES

CHARLENE I. JOHNSON

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

    Defendant.

_____/

## DECLARATION OF SALVATORE A. FASO II

I, Salvatore A. Faso II, under penalty of perjury, state as follows:

1. I am over 18 years of age and, unless otherwise indicated, I have personal knowledge of the facts set out in this Declaration.

2. I hold the position of Director, Guest and Employee Legal Services for Royal Caribbean Cruises Ltd. ("Royal Caribbean").

3. Royal Caribbean is incorporated under the laws of Liberia, and maintains its principal executive offices in Miami, Florida.

4. Based on my personal review of Royal Caribbean's company records, I have determined that from before 2000 through 2009, Royal Caribbean retained attorney Jonathan B. Aronson to defend it in nearly 300 legal claims. Specifically, Aronson has represented Royal Caribbean in 172 legal claims made by Royal Caribbean's guests against Royal Caribbean that are substantially related to this action, and 107 legal claims brought by seamen-employees.

5. Royal Caribbean is currently and actively involved in litigating three actions in which Aronson previously represented Royal Caribbean (though he is no longer involved in those actions). In one of those actions, *Querobino D'Souza v. Royal Caribbean*, James Walker

(co-counsel for Plaintiff in this action) represented the plaintiff while Aronson represented Royal Caribbean.

6. During the course of his attorney-client relationship with Royal Caribbean, Aronson was privy to and had unfettered access to the secrets and confidences of Royal Caribbean's in-house legal counsel, adjusters, and employees. He had access to privileged files containing attorney-client correspondence, policies, procedures and practices, and confidential and proprietary information and records (copies of which Aronson likely still possesses), none of which he would have been able to access but for his representation of Royal Caribbean.

7. Aronson has intimate knowledge of Royal Caribbean's confidential information related to its handling of personal injury and slip and fall claims including, but not limited to: a) which experts Royal Caribbean uses; b) the processes that Royal Caribbean employs to arrange for medical care for its passengers; c) internal and external factors that increase the difficulty in defending such claims; d) Royal Caribbean's internal claims handling procedures; e) Royal Caribbean's approach to settlement; f) identification of potential deficiencies in Royal Caribbean's case; and g) remedial actions suggested by Royal Caribbean's inside counsel to Aronson that should take place aboard Royal Caribbean's vessels. Aronson also was in contact with Royal Caribbean's litigation director, who communicates case evaluations and strategies to Royal Caribbean's in-house and outside litigation attorneys.

8. Put simply, as Royal Caribbean's attorney, Aronson was given Royal Caribbean's playbook.

9. The confidential information shared with Aronson by Royal Caribbean over the course of the attorney-client relationship is not information that is generally known, would not have been provided to Aronson but for his representation of Royal Caribbean, and is not the type of information that would have been provided to an opposing counsel during discovery. Additionally, Royal Caribbean expected such information – which it shared with its attorney for

the purpose of defending Royal Caribbean – to remain confidential, not to become generally known, and not to be later used against it.

10.     As a result of Aronson's previous representation of Royal Caribbean, Plaintiff will gain an advantage over Royal Caribbean in this matter because of Aronson's knowledge of Royal Caribbean's policies, procedures and posture regarding its defense of passenger claims, Royal Caribbean's strategies with regard to the defense of these types of claims, and Royal Caribbean's approach to settlement – all of which Aronson learned during, and solely as a result of, his prior representation of Royal Caribbean.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
SALVATORE A. FASO II

Date: 7/2/10

# 9581229_v1

3